**Daye SOUARE, a.k.a. Daye Souare Daye, a.k.a. Sekou Keita, a.k.a. Keita Sekou, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Eric H. Holder, Jr., United States Attorney General, Respondents.**

No. 10–43–ag.

United States Court of Appeals, Second Circuit.

Oct. 18, 2010.

Brian I. Kaplan, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Stuart S. Nickum, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

Petitioner Daye Souare ("Souare"), a native and citizen of Guinea, seeks review of a December 10, 2009 order of the BIA, affirming the August 11, 2008 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied Souare's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Daye Souare*, No. A 093 434 776 (B.I.A. Dec. 10, 2009), *aff'g* No. A 093 434 776 (Immigr. Ct. N.Y. City Aug. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.2008). The applicable standards of review are well-established. *See Shu Wen Sun v. Bd. of Immigration Appeals*, 510 F.3d 377, 379 (2d Cir.2007); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008). For applications governed by the REAL ID Act of 2005, Pub.L. 109–13, 199 Stat. 302 (May 11, 2005), the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also In re J–Y–C–*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007).

Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence. In finding Souare's testimony not credible, the IJ relied in part on Souare's demeanor, noting that his testimony was "evasive and ambiguous." Because the IJ was in the best position to observe Souare's manner while testifying, we afford his demeanor finding particular deference. *See Zhou Yun Zhang v. Immigration & Naturaliza-*

*tion Serv.,* 386 F.3d 66, 73–74 (2d Cir. 2004). Indeed, the record supports the IJ's finding that Souare's testimony was evasive or unresponsive with respect to the age of his father, the reasons for his request for advance parole, and his political activities.

In finding Souare not credible, the agency also reasonably relied on a number of inconsistencies in his testimony. *See Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). For example, the agency noted that documentation Souare submitted conflicted with his testimony and asylum application. The record supports this finding, as it shows that a letter dated August 20, 2007, indicated that Souare and his parents fled Guinea because they were sought by the Guinean authorities for their political activities, thereby contradicting Souare's account that his father was killed in January 2007. Moreover, the agency was entitled to disregard Souare's dual attempts to explain the discrepancy—as either a translation error or a result of the writer's reluctance to mention his father's problems—because the explanations would not necessarily be compelling to a reasonable factfinder. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

The agency also noted that Souare testified inconsistently when asked about the basis of his request for advance parole. Initially, Souare testified that, in order to obtain advance parole in 2005, he had told the immigration officials that his wife and children were sick, and specified that he "didn't mention [his] father to get this travel document." After Souare was shown a document he had submitted in applying for advance parole, however, he recanted, stating that the basis for his request for advance parole was, in fact, his father's illness.

Souare does not attempt to reconcile his testimony, but instead argues that the agency erred in relying on these "minor inconsistencies." However, even minor inconsistencies may form the basis of an adverse credibility determination under the REAL ID Act. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin,* 534 F.3d at 167. In light of the agency's findings regarding Souare's demeanor and the inconsistencies in his testimony and documentation, the adverse credibility determination is supported by substantial evidence. *See Shu Wen Sun,* 510 F.3d at 380–81; *Xiu Xia Lin,* 534 F.3d at 167. Thus, the agency's denial of his application for asylum, withholding of removal, and CAT relief was not in error as all three claims shared the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005) (CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).